JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, # 204
Sacramento, CA. 95814
(916) 444-3994
Fax (916) 447-0931

Attorney for Defendant
ANDRANIK MARTIROSYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRANIK MARTIROSYAN,

    Defendant.

No. CR-S-12-223-WBS

STIPULATION REGARDING
EXCLUDABLE TIME PERIODS
UNDER SPEEDY TRIAL ACT;
[PROPOSED] FINDINGS AND ORDER

Date: January 6, 2014
Time: 9:30 a.m.
Judge: Honorable William B. Shubb

The United States of America through its undersigned counsel, Steven Lapham, Assistant United States Attorney, together with counsel for defendant Andranik Martirosyan, John R. Manning, Esq., hereby stipulate the following:

1. This matter is set for status conference on November 25, 2013.

2. By this stipulation, Mr. Martirosyan now moves to continue the status conference until January 6, 2014 at 9:30 a.m.

3. The parties agree and stipulate, and request the Court find the following:

    a. Mr. Martisosyan was originally scheduled to be arraigned on July 10, 2012. Due to serious health issues, Mr. Martirosyan was not arraigned until November 28, 2012. The Defense represents Mr. Martirosyan remains in very fragile health.

1

b. The Government has provided defense Counsel with over 700 pages of discovery.

c. The Defense is seeking a continuance in order to review the material provided by the Government and conduct, as necessary, investigation. (It should be noted, Mr. Martirosyan speaks very limited English and the services of an Armenian language interpreter are necessary to effectively communicate with the defendant.)

d. As indicated herein, Mr. Martirosyan is gravely ill. His health has been spiraling downward for several years. The downward progression began approximately seven years ago when he was in a car accident and suffered a significant head injury. Presently, he suffers from severe cardiac issues (he had heart surgery just prior to charges being filed in this matter), diabetes, and loss of vision (related to his diabetes - he has had eye surgery during the pendency of this case and may need additional surgery but is unlikely to receive such surgery due to his other health issues). He is in significant pain, but because of his cardiac issues and other health concerns, he is limited in what he can take for his pain. Mr. Martirosyan is frequently disoriented and suffers from memory loss and anger issues. In addition to receiving medical treatment for his physical health issues, Mr. Martirosyan is also receiving treatment from the psychiatric staff for his mental and emotion health concerns.

e. The parties were (and are) considering asking the court to order a competency evaluation. As an intermediate step, the parties previously asked to court to continue this matter approximately one month to the presently scheduled date of November 25, 2013, in order to get additional, specific, information on Mr. Martirosyan's prognosis. Mr. Martirosyan's son (and primary care giver) made several attempts to get a letter detailing Mr. Martirosyan's condition(s) and prognosis from Mr. Martirosyan's

treating physician(s). Unfortunately, he has heretofore been stymied by the hospital bureaucracy. In response, I have asked my investigator to "step in" and attempt to "deal" with the hospital bureaucracies. As of the drafting of this stipulation, my investigator has made contact with the appropriate individual at/with patient services and has been informed at least one letter is forth coming.

f. Depending on the information provided by defendant's doctors, the government may be willing to dismiss the matter.

g. Counsel for Mr. Martirosyan believes a continuance in this case is necessary to allow counsel reasonable time to review the discovery, conduct investigation; meet with the defendant; review defendant's medical records; and, afford the defense time necessary for effective preparation, taking into account the exercise of due diligence.

h. The Government does not object to the continuance.

i. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

j. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of November 25, 2013 to January 6, 2014, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(ii) and (iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial. The parties agree and further stipulate the defendant is currently "physically unable to stand trial" for purposes of excludable time under 3161(h)(4).

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 19, 2013 /s/ John R. Manning
JOHN R. MANNING
Attorney for Defendant
Andranik Martirosyan

Dated: November 19, 2013 Benjamin B. Wagner
United States Attorney

by: /s/ Steven Lapham
STEVEN LAPHAM
Assistant U.S. Attorney

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: November 20, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE